**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

**In re:**
Debra Talmage

                        Debtor(s)

Case No.    18-30682
Chapter     13
Judge       Daniel S. Opperman - DOF

## ORDER CONFIRMING PLAN

      The Chapter 13 plan was duly served on all parties in interest. A hearing on confirmation of the plan was held after due notice to parties in interest. Objections, if any, have been resolved. The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 USC 1325(a) are met.

      Therefore, IT IS HEREBY ORDERED that the Debtor(s) Chapter 13 plan, as last amended, if at all, is confirmed.

      IT IS FURTHER ORDERED that the claim of Caralyce M. Lassner, of George E. Jacobs and Associates and Bankruptcy Law Offices, Attorney for the Debtor(s), for the allowance of compensation and reimbursement of expenses is allowed in the total amount of $3,500.00 in fees and $0 in expenses and that the portion of such claim which has not already been paid, to-wit: $3,400.00 shall be paid by the Trustee as an administrative expense of this case.

      IT IS FURTHER ORDERED that the Debtor(s) shall maintain all policies of insurance on all property of the Debtor(s) and this estate as required by law and contract.

      All filed claims to which an objection has not been filed are deemed allowed pursuant to 11 USC 502(a), and the Trustee is therefore ORDERED to make distributions on these claims pursuant to the terms of the Chapter 13 plan, as well as all fees due the Clerk pursuant to statute.

      IT IS FURTHER ORDERED as follows:

[x]    The Debtor(s) shall provide a complete copy of their annual federal income tax returns due during case pendency on or before June 1 of the filing tax year or if unfiled, provide a copy of the extension to the Trustee, or file an Affidavit indicating Debtor(s) has/have no duty to file said returns. Should the Debtor(s) not provide the requested tax information to the Trustee or file an Affidavit then the Trustee may file a Notice of Default giving the Debtor(s) 21 days to respond as to why the information has not been provided. Upon the filing of the response the Court shall set a hearing on the matter.

[x]    The claim of Bayview Loan Servicing shall be paid in accordance with its duly filed claim.

[x]    The debtor(s) Plan payments shall be increased to $930.31 per month effective upon entry of this Order.

[x]  The debtor(s) Plan payments shall be increased by $326.00 per month effective March 25, 2022 upon full payment of Debtor's auto loan.

[x]  The claim of One Main Financial has been properly addressed in Class 3.1 of the Plan, as evidenced by Creditor's Proof of Claim filed as Claim 1 with the Court.

Stipulated and approved as to form and content:

/s/ Carl L. Bekofske
Carl Bekofske P10645
Chapter 13 Trustee
Melissa Caouette P62729
Leo J. Foley, Jr. P76060
400 N. Saginaw St., Ste. 331
Flint, MI 48502

/s/ Caralyce M. Lassner
Caralyce M. Lassner (P59245)
Bankruptcy Law Offices
2425 S Linden Rd, Ste C
Flint, MI 48532
(810) 720-4333
ecf@lassnerlaw.com

Objections Withdrawn:
/s/ Rose Merithew
Rose Merithew (P73319)
Counsel for Bayview Loan Servicing
31440 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334-5422
(248) 723-5582
easternecf@trottlaw.com

**Signed on December 19, 2018**



/s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge